IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CARLOS HUGO VALDEZ | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-08-CV-1481-N |
| GEORGE W. BUSH, ET AL. | § § | |
| Defendants. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Carlos Hugo Valdez, a Texas prisoner, against his former attorney, the Dallas County District Attorney, the Irving Police Department, and various state and federal officials. On August 22, 2008, plaintiff tendered a 56-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous, and he is not "under imminent danger of serious physical injury."

II.

Although his prolix complaint is difficult to decipher, plaintiff appears to allege that he was falsely arrested and convicted of a crime he did not commit. More particularly, plaintiff claims that

he was arrested by Irving police officers for possession of marijuana, but was not at the house where the drugs were found. Plaintiff further contends that the federal government owes him assistance because he is an informant whose "special secret agent name is Bond, James Bond." (*See* Plf. Compl. at 20). By this suit, plaintiff seeks $75 million in damages and release from prison.[1]

A.

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *quoting Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice--the harm must be imminent or occurring at the time the complaint is filed. *Id.* Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. *See Alpine v. Long*, No. 9-07-CV-234, 2007 WL 3132530 at *3 (E.D. Tex. Oct. 23, 2007). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. Jul. 20, 2006), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

[1] To the extent plaintiff challenges his conviction and the duration of his confinement, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies on direct appeal or collateral review, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases), *appeal dism'd*, No. 03-11046 (5th Cir. Feb. 6, 2004).

B.

Plaintiff was allowed to proceed *in forma pauperis* in six other civil actions filed while he was incarcerated. Three of those cases were dismissed either as frivolous or for failure to state a claim before plaintiff filed the instant suit. *See Valdez v. Medina*, No. H-07-1667 (S.D. Tex. May 25, 2007); *Valdez v. Irving Police Dept.*, No. H-08-1139, 2008 WL 1827641 (S.D. Tex. Apr. 23, 2008); *Valdez v. Wells*, No. 3-08-CV-0946-B (N.D. Tex. Jun. 10, 2008), *rec. adopted*, (N.D. Tex. Aug. 8, 2008).[2] In an attempt to satisfy the "imminent danger" requirement of section 1915(g), plaintiff states that he is in solitary confinement because he "fear[s] for his life," that he has a back injury, and that he has been attacked by other inmates. (*See* Plf. Compl. at 20, 23). That plaintiff has been placed in solitary confinement shows that his safety concerns are being addressed by prison officials. His pre-existing back injury does not constitute an "imminent danger" of serious physical injury. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.), *cert. denied*, 121 S.Ct. 2600 (2001) (imminent danger exception is intended as a "safety valve" to "prevent impending harms, not those harms that had already occurred"). With respect to plaintiff's claim that he has been attacked by other prisoners, plaintiff does not specify when the attacks occurred, whether the attacks are likely to continue, or what serious physical injury resulted from the attacks. His conclusory allegations are insufficient to prove "imminent danger" under the statute. *See Ruston v. Dallas Co.*, No. 3-04-CV-1691-B, 2004 WL 2512232 at *1 (N.D. Tex. Nov. 5, 2004), *rec. adopted*, 2004 WL 2847834 (N.D. Tex. Dec. 9, 2004).

---

[2] One case was dismissed as frivolous after plaintiff filed the instant complaint. *Valdez v. Fred Loya Insurance*, No. H-08-2353 (S.D. Tex. Aug. 26, 2008). Another case was dismissed without prejudice for want of prosecution. *Valdez v. Benavides*, No. H-07-1885 (S.D. Tex. Mar. 19, 2008). One case remains pending. *Valdez v. Tejerina*, No. 5-07-CV-0087 (S.D. Tex., filed Jun. 20, 2007).

## RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE